<hr />

DWIGHT C. KILBOURN, EXECUTOR, *vs.* SHELTON J. BROWN AND WIFE.

Hartford Dist., Oct. T., 1887. PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

A married woman, prior to the passage of the act of 1877, (Gen. Statutes, 1888, § 2796,) could not by contract bind herself as surety for her hus-

band; her power to contract upon her personal credit being limited to cases of benefit to herself, her family or her estate.

A note executed in 1875 by a husband and wife for a loan of money, contained the following clause:—" it being understood that said sum is procured for the use and benefit of said Sarah, and for the payment of this claim when called for she pledges her own individual estate." Held that the wife was not estopped by this admission from showing that the loan was not for her benefit and that therefore the contract was one that she had no power to make.

[Argued November 8th—decided December 23d, 1887.]

ACTION upon a note executed by the defendants, who were husband and wife; brought, by appeal from a justice of the peace, to the Court of Common Pleas of Litchfield County, and reserved on facts found and on a demurrer of the plaintiff to the answer of the defendant Sarah M. Brown, for the advice of this court. The case is fully stated in the opinion.

*A. D. Warner* and *R. E. Hall,* for the plaintiff.

*H. B. Graves* and *W. S. Judd,* for the defendant Sarah M. Brown.

CARPENTER, J. This is an action on the following note, the plaintiff suing as executor of the payee, and the makers being husband and wife:—

" MORRIS, Oct. 13th, 1875.

" $50. On demand, for value received, we promise jointly to pay to Garry H. Miner the sum of fifty dollars, it being understood that the said sum is procured for the use and benefit of Sarah M. Brown, and for the payment of this claim when called for, she, the said Sarah M., pledges her own individual estate to the full amount of the sum stated in this obligation. , " SHELTON J. BROWN,
" SARAH M. BROWN."

The answer is that the note was signed by the said Sarah M. Brown when she was the lawful wife of Shelton J. Brown.

and was given for a debt of her husband, and that it was not given for the benefit of the defendant, nor of her estate, nor of any business carried on by her.

The plaintiff denies the truth of the answer, and further replies that the matters alleged in the defense contradict the allegations in the note, by reason of which the defendant is barred and estopped from pleading or proving the same.

The Court of Common Pleas found the facts as follows:—

"On the trial the defendant Sarah M. Brown offered to prove and did prove by parol, by the testimony of the defendants, that the note set forth in the complaint was given in consideration that the said Garry H. Miner had loaned to the said Shelton J. Brown the sum of forty dollars. At the time of loaning said sum said Miner drew up said note, and said Shelton J. signed the same, and promised to obtain the signature of his wife thereto. Several days afterwards, at the earnest persuasion and request of her husband and said Miner, she signed the note ' in order to keep peace with her husband,' with full knowledge of the contents and consideration of the same. The forty dollars and note were in no wise for the benefit or use of the said Sarah M., nor of her family or her estate, but were for the sole use and benefit of her said husband."

The case is reserved upon these facts for the advice of this court.

The law was so when this note was given that a married woman could not, by contract, bind herself as surety for her husband. Act of 1872, Gen. Statutes, 1888, § 984; *Bank of New England* v. *Smith and Wife*, 43 Conn., 327; *Smith* v. *Williams and Wife*, 43 id., 409; *Way* v. *Peck*, 47 id., 23.

These cases are decisive of that point, and are conclusive against the plaintiff unless the defendant is estopped by the admissions in the note.

Those admissions might constitute a *primâ facie* case in favor of the plaintiff; but they are open to explanation, and it is competent for the defendant to show that they are not true in fact. Consequently there is no estoppel. The part of the note relied on—"it being understood that the said

sum is procured for the use and benefit of Sarah M. Brown," etc., refers to the consideration as moving to her or for her benefit. It stands on no higher' or different ground than the ordinary admission in a note, " for value received." Notwithstanding such admission the want of a consideration may always be shown between the original parties, not for the purpose of contradicting, varying or explaining the promise, but to show that the promise never was of •any validity. So in this case; the defendant is permitted to show that neither she nor her estate was benefited by the transaction, not merely to prove that her signature was without consideration, (for had she been other than a married woman her promise as surety would have been supported by the consideration moving to the principal,) but for the purpose of proving that the case was not within the statute then in force, and that she was legally incapable of making the contract.

The Court of Common Pleas is advised to render, judgment for the defendant.

In this opinion the other judges concurred.